FREDERICK J. KLING and MARGARET R. KLING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kling v. Commissioner
Docket No. 11918-77.
United States Tax Court
T.C. Memo 1981-133; 1981 Tax Ct. Memo LEXIS 615; 41 T.C.M. (CCH) 1133; T.C.M. (RIA) 81133; March 23, 1981. Frederick J. Kling , pro se. Charles O. Cobb, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined an $ 807 deficiency in petitioners' 1974 income tax. The only question presented is whether Cal Pac Recreational Development Company, Inc., a corporation whose sole shareholder is a partnership in which petitioners have a 10 percent interest, qualifies as an electing small business corporation, thereby entitling petitioners to deduct their proportionate share of the corporation's losses as part of their distributive share of the partnership's losses. The case was submitted on the basis of a stipulation of facts. At the time of the filing of their petition herein, petitioners were residents of Los Angeles, Cal. During 1973 and 1974 the petitioners were general partners holding, at the end of 1974, a 10 percent interest in a partnership known as Cal Pac Recreational Development (hereinafter sometimes referred to as "the partnership" or as Cal Pac Development). The partnership is a California limited partnership formed in 1972 for *617 the purpose of holding title to a recreational site known as Zaca Lake, Cal. In 1973 and 1974, petitioners and 12 other persons [1] held interests as partners in the Cal Pac Recreational Development partnership; petitioners' percentage interest in the partnership at the end of 1974 was 10 percent. All of these persons were individuals, and none were nonresident aliens. During 1973 and 1974, all of the issued and outstanding shares of stock of Cal Pac Recreational Development Company, Inc., a California corporation (hereinafter sometimes referred to as "the corporation" or as Cal Pac, Inc.), was owned by the partnership. The corporation had only one class of stock and conducted operations at the Zaca Lake recreational site during 1973 and 1974. In 1972, the partnership filed an election with respect to the corporation pursuant to section 1372, I.R.C. 1954, applicable to the years 1973 and 1974. The corporation filed a United States Small Business Corporation Income Tax Return, form 1120-S, for its taxable year ended March 31, 1974. This return reported *618 an ordinary loss of $ 40,750.71. On its return of partnership income for the year ended December 31, 1974, the partnership reported a total ordinary loss of $ 86,645.60, which included the ordinary loss of the corporation. On their 1974 joint income tax return petitioners deducted $ 8,665 as their distributive share of the partnership loss. The Commissioner determined that the corporation did not qualify as an electing small business corporation during the taxable year 1974 because the partnership was a shareholder of the corporation. The partnership's loss was disallowed to the extent it reflected the loss applicable to the corporation, and petitioners' taxable income was increased by $ 4,431, their distributive share of the disallowed partnership loss. [2]
*619 Section 1371(a), I.R.C. 1954, [3] defines a small business corporation as a corporation which, among other qualities, does not "have as a shareholder a person * * * who is not an individual". The regulations further provide that a corporation cannot qualify as a small business corporation if any shareholder is a partnership. Section 1.1371-1(e), Income Tax Regs.[4] Since the sole shareholder of Cal Pac, Inc., in 1973 and 1974 was a partnership, the regulations preclude Cal Pac, Inc., from qualifying as a small business corporation for its taxable year ended March 31, 1974. See section 1371(a), I.R.C. 1954, supra note 3, and section 1372(e)(3), I.R.C. 1954. *620 In their petition, petitioners claimed that "[t]he deficiency is based on the erroneous claim by the Commissioner that a partnership cannot hold stock in a Sub Chapter S Corporation". However, despite petitioners' assertion in their petition, the pertinent Treasury regulations plainly provide that a partnership cannot be a shareholder of a small business corporation. See section 1.1371-1(e), Income Tax Regs., supra note 4. As the Supreme Court has stated, "Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes and * * * should not be overruled except for weighty reasons". Commissioner v. South Texas Lumber Co., 333 U.S. 496, 501 (1948); Commissioner v. Portland Cement Co.,     U.S.    ,    , 49 U.S.L.W. 4189, 4193 (Mar. 3, 1981); National Muffler Dealers Ass'n. v. United States, 440 U.S. 472, 476-477 (1979); Thor Power Tool Co. v. Commissioner, 439 U.S. 522, 533 n. 11 (1979); Fulman v. United States, 434 U.S. 528, 533 (1978); Bingler v. Johnson, 394 U.S. 741, 750 (1969); United States v. Correll, 389 U.S. 299, 306-307 (1967); *621 Hibernia Bank v. United States, 581 F. 2d 741, 746-747 n. 9 (9th Cir. 1978); American Nurseryman Publishing Co. v. Commissioner, 75 T.C.    ,     (sustaining the validity of section 1.1371-1(e), as applied to a revocable trust) (Nov. 17, 1980), on appeal (7th Cir. Feb. 13, 1981). Petitioners have presented us with no reasons to invalidate these regulations, which are consistent with the relevant Congressional committee reports [5] and which have been previously applied by this Court in cases of partnership-shareholders without any issue being raised as to their validity. [6] Moreover, these regulations clearly further the Congressional purposes of limiting the benefits of Subchapter S status to small corporations with few shareholders and of limiting the administrative burden on the I.R.S. in tracking income from the corporation through multiple tiers of shareholders. See W & W Fertilizer Corp. v. United States, 527 F. 2d 621, 624-625 (Ct. Cl. 1975), cert. denied 425 U.S. 974 (1976); Fulk & Needham, Inc. v. United States, 411 F. 2d 1403, 1406 (4th Cir. 1969). We accordingly hold that Cal Pac, Inc., did not *622 qualify as a small business corporation in its taxable year ended March 31, 1974, with the consequence that petitioners are not entitled to any deduction with respect to its losses. Decision will be entered for the respondent. Footnotes
1. The stipulation indicates that of these 12 persons, 8 persons, or 4 couples, held their interests as husband and wife.↩
2. Petitioners' 10 percent distributive share of the reported $ 40,750.71 loss of the Subchapter S corporation would appear to be $ 4,075.07. The record fails to explain why the Commissioner's adjustment was $ 4,431, rather than 10 percent of the reported corporate loss. The only other adjustment made by the Commissioner in his determination of deficiency was a revision of the medical deduction. That adjustment followed automatically from the disallowance of petitioners' distributive share of the partnership loss, and its correctness is not otherwise in controversy.↩
3. As in effect during 1974, and prior to its amendment by the Revenue Act of 1978, Pub. L. No. 95-600, sec. 341, 92 Stat. 2763, and by the Tax Reform Act of 1976, Pub. L. No. 94-455, sec. 902(a)(1), (c)(2)(B), 90 Stat. 1520, section 1371(a) read as follows: (a) Small Business Corporation.--For purposes of this subchapter, the term "small business corporation" means a domestic corporation which is not a member of an affiliated group (as defined in section 1504) and which does not-- (1) have more than 10 shareholders; (2) have as a shareholder a person (other than an estate) who is not an individual; (3) have a nonresident alien as a shareholder; and (4) have more than one class of stock. ↩
4. Sec. 1.1371-1(e), Income Tax Regs., provides: (e) Shareholders must be individuals or estates↩. A corporation in which any shareholder is a corporation, trust, or partnership does not qualify as a small business corporation.
5. S. Rept. No. 1983, 85th Cong., 2d Sess. 217-218 (1958), states as follows: Under section 1372(e)(3), an election terminates if the corporation ceases to be a small-business corporation. Thus, if an eleventh person or a nonresident alien becomes a shareholder in the corporation, if a corporation, partnership↩, or trust becomes a shareholder, or if another class of stock is issued by the corporation, the election is thereby terminated. [Emphasis supplied.] 6. Ozier v. Commissioner, 36 T.C.M. 236, 238-239, 46 P-H Memo T.C. par. 77,053 at 236-237 (1977), affd. 600 F. 2d 594 (6th Cir. 1979); Kates v. Commissioner, 27 T.C.M. 1423, 1430-1431, 37 P-H Memo T.C. par. 68,264 at 1560 (1968); see also Guzowski v. Commissioner, 26 T.C.M. 666↩, 668, 36 P-H Memo T.C. par. 67,145 at 726-727 (1967).